**CLOSED**
DATE: 5·21·02



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA JEAN CROWDER,            ) | No. CV-F-01-5378 REC SMS |
|                                ) | |
|         Plaintiff,             ) | ORDER DISMISSING PLAINTIFF'S |
|                                ) | COMPLAINT WITH PREJUDICE AND |
|     vs.                        ) | DIRECTING THAT JUDGEMENT BE |
|                                ) | ENTERED IN FAVOR OF |
| GARY CONDIT, et al.,           ) | DEFENDANTS. |
|                                ) | |
|         Defendants.            ) | |
|                                ) | |

On May 20, 2002, the court heard defendant, Assemblyman Dennis Cardoza's, Motion to Dismiss. Plaintiff had also been ordered to appear and show cause why her complaint should not be dismissed for failure to obey a court order and for lack of jurisdiction. Upon due consideration of the written and oral arguments of the parties and the record herein, the court grants defendant's Motion to Dismiss with prejudice.

I.  Background Information

Defendant Condit filed and served by mail on Plaintiff a notice of removal of the instant action from the Superior Court of California, County of Merced, to the Sacramento Division of this Court on February 28, 2001, pursuant to U.S.C. § 1442(a)(1),

44

as a civil action commenced in a state court against an officer of the United States sued in an official or individual capacity for any act performed under color of office. Plaintiff sought relief for Defendant Condit's alleged failure to respond satisfactorily to the concerns of Plaintiff, who was his constituent at the pertinent time. The Complaint was initially filed in Merced County on November 8, 2000. Plaintiff sought damages of $3,000,000 for negligent and intentional conduct by various public entities, officers, and employees in connection with the shooting death of Albert Gonzales, the placement of a child in his custody, investigation of the shooting, statements made by authorities, and claims regarding veterans' benefits made by person related to Gonzales. The complaint stated that Plaintiff had written to Defendant Congressman Condit, but he failed to represent Plaintiff or her family.

On March 2, 2001, Defendant Condit filed a motion to dismiss on the grounds of failure to state a claim upon which relief might be granted, failure to exhaust administrative remedies under the Federal Tort Claims Act, qualified immunity, and lack of proper service. On September 4, 2001, Defendant Condit's motion to dismiss was granted.

The portion of the complaint form used for designation of the defendants named several defendants other than Defendant Condit: Merced County, Merced County Sheriff Department, Merced County District Attorney, Merced County Child Protective Services, Atwater City Police Department, and Merced County Board

of Supervisors.  On February 28, 2000, the court ordered that service of process should be completed on all parties within one hundred twenty (120) days of the date of the filing of the complaint.  The court specifically warned that a failure to obey all applicable federal law or local rules, or orders of the court, might result in dismissal of the action.  The court specifically advised that pro se litigants would be expected to comply with procedural rules governing the litigation.  Defendant Condit filed a certificate of service of the order on Plaintiff on April 2, 2001.

The matter was transferred to this Court on April 9, 2001, and the court immediately issued an order setting mandatory scheduling conference and requiring the parties to confer pursuant to Fed. R. Civ. P. 26(f); the conference was continued until November 13, 2001.  Plaintiff failed to appear at the conference or to offer any excuse for her failure to appear.  On December 6, 2001, Plaintiff had not complied with the Court's order regarding service, and the Court issued to Plaintiff an order to show cause why the action should not be dismissed for failure to comply with a court order.  Plaintiff responded in writing and appeared before Magistrate Judge Snyder on January 25, 2002.  At the hearing the Magistrate Judge reset the joint scheduling conference for May 21, 2002, and the Court specifically directed Plaintiff to the order of April 9, 2001, which set the original scheduling conference and which described the joint scheduling report that would be required to be

submitted. The Court also granted Plaintiff an additional forty-five (45) days, or until March 11, 2002, to serve that complaint on the remaining defendants. In the order following the hearing, Plaintiff was specifically warned as follows:

> PLAINTIFF IS ADMONISHED THAT IF SHE FAILS TO PROPERLY AND TIMELY SERVE THE COMPLAINT ON THE REMAINING DEFENDANTS, ON OR BEFORE MARCH 11, 2002, THIS COURT WILL HAVE NO ALTERNATIVE BUT TO RECOMMEND TO THE DISTRICT COURT THAT THIS CASE BE DISMISSED FOR ALL TIME FOR HER FAILURE TO PROSECUTE.

On March 8, 2002, the Court granted Plaintiff an extension of time until March 22, 2002, for service of the complaint on the remaining defendants. On March 22, Plaintiff filed what purport to be proofs of service on March 18, 2002, of the summons and complaint on Dennis Cardoza at the Board of Supervisors (Doc. 29). Further, Plaintiff filed on the same date what purport to be proofs of service on March 13, 2002, of a copy of a subpoena, a summons, and "Donna Crowder's Accusation" on Craig Williams of the "Atwater P.D." (Doc. 26) and on Gordon Spencer at the Family Support Office (Doc. 27).

Magistrate Judge Snyder concluded "it thus does not appear that Plaintiff effected timely service of the summons and complaint on all the remaining defendants in the action; rather, it appears that Plaintiff has engaged in repeated, significant delays despite numerous extensions of time; Plaintiff has thus failed to comply with the court's order regarding service; and Plaintiff has failed to prosecute this case." Accordingly, Magistrate Judge Snyder ordered Plaintiff to appear before this Court on May 20, 2002, to show cause why the action should not be

dismissed for failure to comply with the Court's Order regarding service.

On March 19, 2002, the Magistrate Judge received from the Merced County Counsel a letter with attachments[1] indicating that on March 13, 2002, the Merced County District Attorney had been served with a copy of the summons and complaint as well as a subpoena. The letter indicated that Defendant Condit had failed to notify the named defendants of the Office of the Merced County Counsel of the removal of the case or the dismissal of Defendant Condit. Further, on January 18, 2001, (over a month before Defendant Condit purported to remove the action to this Court), the Merced County Superior Court had sustained the demurrer of the County Counsel without leave to amend because the complaint was barred by the statute of limitations, the California Government Claims Act, Plaintiff's lack of standing, and the failure to state a claim against either the individual defendants, the Sheriff's Department, and the District Attorney's Office. This letter to the Court represented that the effect of the ruling on the demurrer was the dismissal of the state court action. The file-stamped demurrer and order granting the demurrer, submitted to the Court with the letter, caused the Court to question subject matter jurisdiction of the instant action. On March 22, 2002, the Court directed that the documents

---

[1] One attachment referenced was the state superior court's order sustaining the demurrer; the attachment was not included with the letter, so the Court requested and received a copy of the order by FAX on March 21, 2002.

be filed and that Plaintiff show cause why the case should not be dismissed or remanded for lack of subject matter jurisdiction. The hearing on the order to show cause was initially set for Friday, April 19, 2002.

Subsequently, on April 8, 2002, Defendant Dennis Cardoza filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (2) for lack of jurisdiction over Defendant Cardoza, pursuant to Rule 12(b)(5) because service was improper and untimely, and pursuant to Rule 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief can be granted. The motion was set for hearing on May 20, 2002. Accordingly, the Magistrate Judge continued the order to show cause re: jurisdiction to May 20, 2002, as well.

II.     Motion to Dismiss

   A.   Standard

Under Rule 12(b)(6), "dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Rule 12(b)(6) should be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1355-56 (1990). Moreover, a court "must accept all material allegations in the complaint as true, and construe them in the light most favorable [to the plaintiff]." NL Industries

1  v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

2      B.    Discussion

3      Defendant Cardoza argues that Plaintiff's action against him
4  should be dismissed for five reasons: (1) Plaintiff's action is
5  barred by the Eleventh Amendment; (2) State Legislatures are
6  immune from suit in their official and individual capacities for
7  activities within the sphere of legitimate legislative activity;
8  (3) Plaintiff's causes of action are barred by the statute of
9  limitations; (4) Plaintiff lacks standing; and (5) Plaintiff has
10 failed to properly and timely serve Defendant Cardoza.

11     Plaintiff failed to oppose Defendant Cardoza's motion to
12 dismiss. While Plaintiff did appear for oral argument in this
13 matter, she represented to the Court that she would not pursue
14 this case any further.

15     Eleventh Amendment

16     Defendant Cardoza argues that Plaintiff's action for damages
17 against him for actions taken in his official capacity is barred
18 by the Eleventh Amendment to the United States Constitution.
19 Will v. Michigan, 491 U.S. 58, 71 (1989) (state officials acting
20 in their official capacities are not "persons" subject to suit
21 under section 1983); Pehurst State School and Hospital, et al. v.
22 Halderman, et al., 465 U.S. 89, 101 (1984)(the Eleventh Amendment
23 bars a suit against state officials when the state is the real
24 party at interest); Bair v. Krug, 853 F.2d 672, 675 (9th Cir.
25 1988)("[t]he Eleventh Amendment bars actions against state
26 officers sued in their official capacities for past alleged

7


misconduct involving a complainants's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages"); <u>Willis v. State of California, et al.</u>, 1998 U.S. Dist. LEXIS 6807 (N.D. Ca. 1998)("the Eleventh Amendment precludes prosecution in federal court of claims for money damages against state officials acting in their official capacity").

Plaintiff alleges that Defendant Cardoza, acting as her "representative," "failed to represent" her when she complained to him about an alleged conspiracy in Merced County. Compl. at 8:99. Additionally, in her attachments to the summons delivered to Defendant Cardoza's office, plaintiff claims she "had a face to face meeting [sic] in Defendant Cardoza's Merced office," that he knew about "other elected public officials" who obstructed justice leading to the death of her former husband, that she "did ask Defendant Cardoza for assist [sic] due to the fact that state frauds...had been covered up" and she "brought this to the attention of her Assemblyman, Cardoza and staff. Exh. 2, SRR Decl. Plaintiff refers to Defendant Cardoza only in his official capacity as an "Assemblyman" and alleges no contacts or involvement with Defendant Cardoza outside of his capacity as a member of the California State Assembly. Exh. 2,SRR Decl.

Thus, Defendant Cardoza argues, the essence of Plaintiff's complaint is that Defendant Cardoza refused to use his public office to investigate her claims or take up her cause. It is well established that the discretionary power to investigate is both an inherent and express legislative function. <u>Special</u>

1  Assembly Int. Com. v. Southard, 13 Cal.2d 497, 503 (1939); Board
2  of Education v. Eisenberg, 129 Cal.App.2d 732, 741 (1954); Cal.
3  Const., art. IV, § 11).  Indeed, the California Supreme Court has
4  long held that power to investigate belongs to individual Members
5  of the Legislature as well as the Legislature itself.  In re
6  Battelle, 207 Cal. 227, 240-241 (1929).  Accordingly, Defendant
7  Cardoza argues, and this Court agrees, that his decision to
8  investigate or decline to investigate plaintiff's claims was a
9  function of his official duties as a Legislator.  Plaintiff is
10 undisputedly suing Defendant Cardoza for actions he allegedly
11 took or did not take in the course and scope of his official
12 capacity.  Therefore plaintiff's lawsuit against Defendant
13 Cardoza cannot be maintained.

14     Immunity From Suit

15     Legislator's are shielded by absolute immunity from
16 liability for activities they undertake in the legitimate sphere
17 of their legislative duties.  Bogan v. Scott-Harris, 523 U.S. 44,
18 48-49 (1998); Tenny v. Brandhove, 341 U.S. 367, 372-276 (1951);
19 San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470,
20 476 (9th Cir. 1998).  "The absolute immunity of legislators, in
21 their legislative functions,...in now well settled."  Harlowe et
22 al., v. Fitzgerald, 457 U.S. 800, 807 (1982); see also Forrester
23 v. White, 484 U.S. 219, 224 (1988)(noting the narrow scope of
24 absolute immunity and stating that "[o]ne species of such legal
25 protection is beyond challenge: the legislative immunity...").
26 This immunity bars actions for money damages as well as

9

declaratory and injunctive relief. <u>Supreme Court of Virginia v. Consumers Union</u>, 446 U.S. 719 (1980).

In determining whether to apply absolute immunity in a given case, courts apply what is commonly known as the "functional" approach. <u>Burns v. Reed</u>, 500 U.S. 478, 486-87 (1990); <u>Forrester v. White</u>, 484 U.S. 219, 224 (1998). In essence, this approach to absolute immunity protects legislators (among others) from all liability if the actions complained of are the same as those the accused legislator has been lawfully entrusted to do. <u>Forrester v. White</u>, 484 U.S. at 224. In other words, where a defendant legislator was acting in the "sphere of legitimate activity" he is absolutely immune from suit. <u>Tenney v. Branhove</u>, 341 U.S. at 377.

As noted above, the decision whether or not to investigate a constituent's complaint is an inherent legislative function. <u>Id.</u> Here, Plaintiff has only alleged that Defendant Cardoza allegedly violated her civil rights by failing to "represent" her. As such, Defendant Cardoza is absolutely immune from liability.

<u>Statute of Limitations</u>

Plaintiff's complaint alleges a conspiracy to coverup events that occurred in 1987 and 1991. (Attachment to Complaint, 1:1 and 12; 3:27). Plaintiff admits that she "did find out...that Merced County Sheriff [sic] Department did falsify and alter Merced County case reports on Albert Sanchez Gonzales' death" and the alleged slander in or about April 1999. (Attachment to

10

1 Complaint, 6:64-77). In fact, the latest date referenced in the
2 complaint is "10-27-99." (Attachment to Complaint, 4:39).
3 Nonetheless, Plaintiff failed to file her complaint until
4 November 8, 2000, more than one year past the latest date
5 referenced in the complaint and more than a year and a half past
6 the date she admits she had knowledge of the alleged conspiracy.

"California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985." Taylor v. Regents of Univ. of Calif., 993 F.2d 710, 712 (9th Cir. 1993)(citing Wilson v. Garcia, 471 U.S. 261, 275 (1985). Additionally, plaintiff states claims for slander, emotional distress, and wrongful death, which are also governed by a one-year statute of limitations set forth in Cal. Civ. Proc. Section 340(3). Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999); Barker v. Brown & Williamson Tobacco Corp., 88 Cal. App. 4th 42, 47 (2001).

Under Federal law, plaintiff's claims accrued when she knew or had reason to know of the alleged injuries that are the basis of her complaint. Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In this case, plaintiff's handwritten and verified complaint establishes that she knew or should have known of the injuries giving rise to her complaint more than one year before she filed suit.[2] Defendant Cardoza argues therefore, and this

---

[2] Additionally, Defendant Carodoza notes that the papers delivered to him with the summons state that Plaintiff asked him to for his assistance with a cover-up by the Merced County Child Protective Services in 1997 and 1998.

11

Court agrees, that because all of plaintiff's claims had a one-year statute of limitations that expired prior to the filing of this suit, Plaintiff's action is untimely.

Lack of Standing

Fed. R. Civ. P 17 mandates that "[e]very action shall be prosecuted in the name of the real party in interest..." Moreover, federal law requires a plaintiff to assert an "injury in fact." Lujan v. Defenders of Wildlife, 504 U.S. 560, 561 (1992). The burden is on plaintiff to establish that she has standing. Id. at 561. Plaintiff has alleged no facts establishing that she has been personally injured by any of the acts alleged in her complaint. She alleges the wrongful death of her "former" husband. (Attachment to Complaint, 7:78-89.) Under California law, only an heir or surviving spouse may sue for wrongful death. Cal. Civ. Pro. § 377.60. Plaintiff admits that the decedent had remarried. Therefore, Plaintiff is not decedent's surviving spouse and has no cause of action for his death. Phraner v. Cote Mart, Inc., 55 Cal.App.4th 166, 168-169 (1997)(right to bring an action for wrongful death is limited to those persons described in Cal. Civ. Pro. § 377.60, which is strictly construed.)

Plaintiff also alleges that her granddaughter was harmed by an alleged "failure to protect a child." (Attachment to Complaint, 1:13.) However, plaintiff has not sued on behalf of her granddaughter and cannot assert a cause of action for personal injury on the basis that county officials failed to

protect her granddaughter. Plaintiff alleges that she was slandered, but fails to allege any resulting actual damage or injury as required by California Civil Code section 46. (Attachment to Complaint, 8:90-91.) Plaintiff also alleges that the Veteran's Administration was slandered and that the alleged conspiracy resulted in a fraud claim to the federal and state governments. (Attachment to Complaint, 6:71-77.) Plaintiff is not the proper party to assert claims on behalf of either the State of California or the United States.

Additionally, while Plaintiff alleges a 42 U.S.C. § 1983 claim, she fails to allege which of her civil rights have been violated. Section 1983 creates no substantive rights of its own, but rather is a remedial statute designed to impose liability for deprivation of rights, privileges and immunities granted by the Constitution and federal law. Calhoun v. Illinois State Board of Education, 550 F. Supp. 796 (N.D. Ill. 1982). Thus, in order to state a claim for relief, plaintiff must allege the Constitutional rights she claims were violated.

Finally, Plaintiff has failed to allege how Defendant Cardoza allegedly "conspired" against her, nor any duty that he allegedly breached. "To prove conspiracy, plaintiff must show an 'agreement' or 'meeting of the minds'" to violate her constitutional rights. United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989). Defendant Cardoza argues that Plaintiff has not, and cannot, produce evidence establishing that he entered into an agreement with

anyone to violate Plaintiff's Constitutional rights.

In summary, defendant argues, and this Court agrees, that Plaintiff's claim must be dismissed because she lacks standing, is not the real party in interest, and fails to state a claim upon which relief can be granted.

Lack of Proper Service

The burden is generally on the Plaintiff to demonstrate that service of process was sufficient. Mateo v. M/S Kiso, 805 F. Supp. 792, 794 (N.D. Cal. 1992).

Under Fed. R. Civ. P. 4(e), service of the summons and complaint on a competent adult person within the Unites States must be made (1) pursuant to the law of the state in which the service is effected or where the district court is located,[3] (2) personal delivery, (3) leaving a copy at the individual's dwelling house or usual place of abode with a person of suitable age or discretion residing therein, or (4) delivering a copy to an agent for service of process.  Strict compliance with the rules of service is required and the defendant's actual knowledge of the litigation does not cure defects in service. Mid-continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991).  The court does not obtain personal jurisdiction over

---

[3] Under California law, service is effectuated by personal service (Cal. Code Civ. Pro. § 415.10), substituted service at the home or office of the person to be served followed by mailing service to the person at the same address (Cal. Code Civ. Pro. § 415.20), service via mail including special notice and acknowledgment of receipt forms (Cal. Code Civ. Pro. § 415.30) or service by publication (Cal. Code Civ. Pro. § 415.50).

a defendant until he has been properly served and a person is not a party until he is served. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).

Defendant Cardoza contends that he has not been personally served, copies of summons were not left at his home, and he has not designated an agent for service. Moreover, Defendant Cardoza argues that Plaintiff's attempt to effectuate substitute service pursuant to state law failed to comply with the precise requirements necessary to effectuate service in this state.

The extent of service on Defendant Cardoza consisted of a process server hand delivering a copy of the summons (but not the complaint) to Defendant Cardoza's Merced District Office. Defendant Cardoza was not present in the office when the summons was delivered. His staff informed the process server that they were not authorized to accept service and instructed the process server how to properly serve the Defendant. Nonetheless, the process server apparently left the summons on the desk and left. To date, Defendant Cardoza notes that he has not received a copy of the summons and complaint in the mail as prescribed by California law. Cal. Civ. Proc. § 415.20(b).

Accordingly, Defendant Cardoza argues that because he has not been properly served, the court has no personal jurisdiction over him, and Plaintiff's action must be dismissed. Additionally, Defendant Cardoza notes that because he has never been named as a party to this suit, Plaintiff's attempts to serve

him are improper.

Finally, Defendant Cardoza notes that Plaintiff has failed to comply with the time limits for service under Fed. R. Civ. P. 4(m).

For all of the many reasons outlined above, Plaintiff cannot maintain this action against Assemblyman Cardoza.  Moreover, when questioned about her failure to obey court orders Plaintiff could not offer any reason why this action should not be dismissed.  In fact, after wasting the time and resources of the Defendants and this court, Plaintiff responded that she was not going to pursue this case any further.  Accordingly, plaintiff's complaint is hereby dismissed with prejudice, and judgement is to be entered in favor of the Defendants.

Dated: May 21, 2002

_____
ROBERT E. COYLE
UNITED STATES DISTRICT JUDGE

```
          United States District Court
                    for the
          Eastern District of California
                   May 21, 2002
```

* * CERTIFICATE OF SERVICE * *

                                    1:01-cv-05378

Crowder

   v.

Condit

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  May 21, 2002, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
    Donna Jean Crowder                              REC/SMS
    750 E 23rd Steet
    Merced, CA   95340

    Stephanie Ramirez-Ridgeway
    NOT EDCA ADMITTED
    Office of Legislative Counsel
    3021 State Capitol
    Sacramento, CA   95814
```

                                    Jack L. Wagner, Clerk

                                    BY: _____
                                        Deputy Clerk